UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACIANA QUACH,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br><br>    Defendant. | Case No. 24-cv-07052-JSW<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA – BAKERSFIELD DIVISION**<br><br>Re: Dkt. Nos. 25, 28, 29, 31 |

Plaintiff in this case brings claims against Defendant for retaliation, in violation of California's Labor Code, and for wrongful termination. On January 3, 2025, the parties filed their joint case management conference statement, and Defendant stated that Plaintiff worked at one of its stores in Bakersfield, California. (Dkt. No. 24.) Based on that representation, the Court, *sua sponte*, ordered the parties to show cause why this case should not be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. section 1404(a). *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The Court has considered the parties' responses to the Order to Show Cause. Defendant states it does not oppose transfer. (Dkt. No. 29, Defendant's Response ¶ 7.) Plaintiff does not expressly oppose transfer. Rather, she argues counsel for both parties are located in Southern California and that if the case proceeded to trial, testimony from remote witnesses could proceed by Zoom. (Dkt. No. 31, Plaintiff's Response, ¶¶ 6-7.) Plaintiff also argues that the parties had engaged in motion practice and the case also had been scheduled for a case management conference. (*Id.* ¶¶ 4-5.)

To transfer an action under Section 1404, the Court must find: (i) the transferee court is one where the action "might have been brought" and (ii) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414

1    (9th Cir. 1985). The parties do not dispute that this case could have been brought in the Eastern
2    District. Accordingly, the Court turns to and weighs the relevant competing factors to determine
3    which forum is appropriate.

4    The Court begins with Plaintiff's choice of forum. *See Gulf Oil Co. v. Gilbert*, 330 U.S.
5    501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). A
6    court should give a plaintiff's choice of forum great deference unless the defendant can show that
7    other factors of convenience clearly outweigh that choice. *Decker Coal Co. v. Commonwealth*
8    *Edison Co.*, 805 F.2d 834, 843 (9th Cir. *.) The deference accorded to a plaintiff's chosen forum
9    should be balanced against both the extent of a defendant's contacts with the chosen forum and a
10   plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and*
11   *Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not
12   occurred within the forum of original selection and that forum has no particular interest in the
13   parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

14   Despite several opportunities to do so, Plaintiff has not provided the Court with any
15   information that would suggest she resides in this District. The parties' case management
16   statement suggests that the operative facts occurred within the Eastern District. Accordingly, the
17   Court concludes that Plaintiff's choice of forum is entitled to minimal weight.

18   The Court next considers the convenience of witnesses and the parties and the ease of
19   access to evidence. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is often the most
20   important factor in resolving a motion to transfer. The trial court looks at who the witnesses are,
21   where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States*
22   *District Court*, 503 F.3d 384, 389 (9th Cir. 1974). "With technological advances in document
23   storage and retrieval, transporting documents generally does not create a burden," but it remains a
24   factor to consider. *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007).

25   Neither party provided the Court with any specific information about who the witnesses
26   will be in their responses to the Order to Show Cause. Defendant identified the store and District
27   managers in the case management statement, which makes it reasonable to infer that at least some
28   party witnesses will be located in the Eastern District. The Court also concludes it is a fair

inference that at least some documents relevant to this case will be located in the Eastern District.[1] The Court concludes these two factors weigh in favor of transfer.

This Court and a court in the Eastern District will be familiar with the applicable law, so that factor is neutral. This District is less congested than the Eastern District, but based on the record before the Court, there is little to no connection with the parties' dispute and this District. With the exception of the question of whether transfer is warranted, the Court has not invested time in connection with the merits of Plaintiff's claims. Finally, the Court concludes it would be unfair to burden jurors in this District with a trial. *See Decker Coal*, 805 F.2d at 842 (discussing public interest factors to consider). On balance, the convenience of the parties and witnesses and the interests of justice outweigh the slight deference afforded to Plaintiff's choice of forum.

Accordingly, the Court TRANSFERS this case to the United States District Court for the Eastern District of California, Bakersfield Division. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 19, 2025

_____
JEFFREY S. WHITE
United States District Judge

---

[1] Plaintiff also argues that counsel for both parties are located in Southern California. The location of counsel is entitled to little weight. *See, e.g., Headstart Nursery, Inc. v. Palmieri*, 18-cv-03285-NC, 2018 WL 4961664, at *7 (N.D. Cal. Oct. 12, 2018). In this case, a transfer to Bakersfield does not appear to this Court to pose an undue convenience to counsel located in Los Angeles.

3